Edward S. Conway, J.
Petitioners, candidates for the office of presidential Electors nominated by election petition of the independent body known as “Peace and Freedom ” seek a determination as to the sufficiency, validity and legality of the petition to effect the independent nominations therein and thereby attempted to be made and further seek an order directing the Secretary of State to certify to the several Boards of Election of the State of New York all of the nominations made and the name “ Peace and Freedom ” as the name of the independent body specified and the emblem chosen pursuant to said petition filed in the office of the Secretary of State on the 9th day of September, 1968.
The respondent, as Secretary of State, by answer, interposes two separate and affirmative defenses, the second of which alleges that Eldridge Cleaver, named as a candidate for the office of President of the United States, is of the age of 33 years and would not be qualified under the Constitution of the United States to hold the office, if elected. This allegation is admitted by the petitioners but they contend that the name of Eldridge Cleaver does not appear on the face of the petition filed on behalf of the “ Peace and Freedom ” independent body for the nomination of presidential Electors. Petitioners further contend that the petitioners are entitled to run for Elector without the ballot listing whom they indorse for President or Vice-President of the United States but listing their names as delegates are listed for the major parties and placing on the machines their independent group name, its emblem and the word “delegates”. This court cannot agree with this contention.
*1041 In the Matter of American Labor Party (Flanagan) (182 Misc. 971, 975, affd. 268 App. Div. 836), Justice Bebgan said in part: “ The development of the political tradition of designating the party choice for the benefit of the voter is so well integrated in practice that knowledge of the choice of the party supporting the electors is a necessity to intelligent voting and the failure to designate such a choice would render the nomination of electors almost meaningless. Such a result would not be allowed unless the statute plainly could be read to require it, and it cannot be so read.”
This court is of the opinion that the statutes not only do not require such a result but that they mandate that just the contrary is required, that is, that any political party or independent party must designate a qualified choice of the party supporting the Electors.
Section 107 of the Election Law requires that “ the names of the candidates for president and vice-president ” appear prior to the list of electors. Section 241 provides that a voting machine “ may be provided with a separate ballot in each party column or row containing the names of the candidates of the party for president and vice-president, preceded by the name and the emblem of the party and by the words ‘ presidential electors for’.” Subdivision 1 of section 248 mandates the affixing of the party emblem for each political party represented on the machine “ in case of presidential electors, to the names of the candidates for president and vice-president of such party.”
Application denied and petition dismissed.